IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WANDA F. GREENE,

    Plaintiffs,,

vs.                              CASE NO. CV-97-J-2111-S

BELLSOUTH TELECOMMUNICATIONS,
and MICHAEL HARVEY,

    Defendants.



## MEMORANDUM OPINION

Currently pending before the court is the defendant BellSouth Telecommunications, Inc.'s's ("BellSouth") motion for summary judgment (doc. 16), to which the plaintiff filed an opposition thereto (" plaintiff's opposition"). Thereafter, BellSouth filed a reply to plaintiff's opposition.

### I. Procedural History

Plaintiff Wanda Greene commenced this action on January 27, 1997 by filing a complaint in the Circuit Court of Jefferson County alleging that the defendant BellSouth breached its contract with her to provide a "private, non-published number" (complaint at ¶¶ 6-7, Count I). Plaintiff also alleged that defendant BellSouth failed to adequately supervise its employee Michael Harvey, causing the release of plaintiff's non-published number to plaintiff's husband (complaint at ¶ 2, Count II, ¶ 5, Count I). Plaintiff also alleged that these actions by defendant BellSouth constituted an invasion of plaintiff's privacy (Complaint, Count III).



While the plaintiff originally named Michael Harvey as a defendant, the Michael Harvey upon whom service was attempted had been deceased for seven years. Plaintiff never substituted another Michael Harvey, or any BellSouth employee for this defendant. Therefore, on July 16, 1997, the Circuit Court of Jefferson County dismissed defendant Michael Harvey and the case proceeded against BellSouth. BellSouth removed the case to this court pursuant to 28 U.S.C. §§ 1332 and 1441 on August 13, 1997 (doc. 1).

In defendant's motion for summary judgment, it asserts that plaintiff's complaint against BellSouth is predicated solely upon the acts of Michael Harvey, who was never located by plaintiff and not a party to this litigation. Defendant further asserts that it cannot be held liable for the intentional acts of a third party.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts"

need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

### III. Factual Background

In the light most favorable to the non-moving party, the court draws the following facts from the record currently before the court: Plaintiff had a violent husband whom she did not want to have access to her phone number.[1] Plaintiff's opposition at 2. She separated from her husband and moved to 800 Tyler Circle in Hoover at the end of April, 1996. Defendant's brief at 5. Plaintiff obtained phone service at her new address in her son's name.[2] Plaintiff's opposition at 2. Her son is not the issue of her ex-husband and thus has a different last name. The first phone number was connected on April 30, 1996 and changed

---

[1] Plaintiff's opposition clarifies that the plaintiff and Ronald Greene were married in 1995 and divorced in July of 1997. Plaintiff's opposition at 1. Therefore, the correct term for Mr. Greene at the time period in question would be plaintiff's husband.

[2] Plaintiff's prior phone service, while she was still living with her husband, was also unpublished and in her son's name. Plaintiff's opposition at 2; defendant's brief at 6 and footnote 2, citing plaintiff's depo. at 78-79.

to another number on June 4, 1996, June 11, 1996 and August 5, 1996. *Id,* defendant's brief at 6. Each of these numbers was unpublished. Plaintiff's opposition at 2. Each time, plaintiff's husband, Ronald Greene managed to obtain her phone number. *Id,* defendant's brief at 7. Plaintiff asserts that Mr. Greene obtained this information through a gentleman named Michael Harvey, who she says is an employee of the defendant. *Id.*, defendant's brief in support of motion for summary judgment at 1.

Because plaintiff has not been able to locate this employee/friend of her ex-husband's, the only evidence that Mr. Greene obtained plaintiff's phone number from a BellSouth employee is plaintiff's statement that her then husband told her that. Plaintiff alleges that a Mr. Spidel, a security department representative at BellSouth, told her "we found the individual your husband won't get the number anymore" (opposition of plaintiff at 3), but this has been disputed by Mr. Spidel at BellSouth. Defendant's brief at 8-9.[3]

In his deposition, Mr. Greene testified that he did not get plaintiff's phone number from a BellSouth employee and that he does not know any BellSouth employees. Defendant's brief in support at 2. While plaintiff alleges that Mr. Greene, on the night he abducted her, showed her a notebook of all the people she had talked to (plaintiff's opposition at 3, defendant's brief at 7), no evidence of this has been produced, beyond plaintiff's statement.

Plaintiff's case rests on her assertion that Mr. Greene told her that he got her telephone number from his friend, Michael Harvey, who works for defendant. As stated above, at

---

[3]Mr. Spidel testified at deposition that no Michael Harvey was in the "current employee database" and stated that he never told plaintiff otherwise. Defendant's brief at 9.

5

deposition, Mr. Greene denied this. Plaintiff's opposition at 3, defendant's brief at 11. He testified that he got plaintiff's phone number off of his caller ID, after she had called him. Defendant's brief at 2, 11. BellSouth's records show that Mr. Greene has had the caller ID service since May, 1996. Defendant's brief at 11.

BellSouth alleges that customer information is contained in a database called BOCRIS, which employs a computerized tracking system to record the date, time and employee identification number each time the database is accessed. Defendant's brief at 9. Plaintiff was asked at deposition whether she knew the names of each person who accessed her account and stated that she did not know any of them. Defendant's brief at 10, citing to plaintiff's depo. at 102-108.[4] Michael Harvey was not one of the people named as having accessed plaintiff's account. Defendant's brief at 10.

## IV. Discussion

While who said what to whom and when is in dispute, this court notes that statements the plaintiff alleges Mr. Greene made to her that he specifically and under oath denied ever making are hearsay. Federal Rules of Evidence 801(d) defines what statements are not hearsay: "(1) **Prior statement by witness:** The declarant testifies at the trial ... and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to penalty of perjury at a trial, hearing or other proceeding, or in a deposition, or (b) consistent with the declarant's

---

[4]While defendants do correctly state that the plaintiff actually stated that two names were familiar, this deposition testimony was that she did not know whether these were the same people she knew from school and had not seen in 19 years. Plaintiff's depo. at 102-104, defendant's brief at 10, note 5.

6

testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive ..."

Examining this in the light most favorable to plaintiff, if Mr. Greene testified at trial and stated that his *deposition* testimony was false, and that he did obtain this information from a BellSouth employee, then his deposition testimony otherwise would be admissible for impeachment purposes. Therefore, F.R.E. 801(d)(1)(A) is of no help to plaintiff. Only if Mr. Greene comes to court and testifies that he did obtain this information from a BellSouth employee does the prior, unsworn statement to this effect become admissible, as it would then be consistent with his current testimony and could be offered to rebut impeachment evidence that Mr. Greene testified this was not true at deposition.[5] However, this scenario requires evidence not currently before this court and thus is not available for consideration on a motion for summary judgment.

Hearsay evidence may not be used to defeat a motion for summary judgment. In *McMillian v. Johnson*, the Eleventh Circuit Court of Appeals faced a similar situation. There, two witnesses first stated one thing, but in later, sworn statements, they stated the opposite. The Court stated:

> He contends that the Supreme Court's decision in *Celotex* and our decisions in *Church of Scientology* and *Offshore Aviation* permit the use of hearsay to defeat a motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2s 265 (1986); *Church of Scientology v. City of Clearwater*, 2 F.3d 1514 (11th Cir. 1993) *cert. denied*, — U.S. —, 115 S.Ct.

---

[5]Whether or not Mr. Greene *told* plaintiff that he obtained this information from Michael Harvey, an employee of BellSouth, is not relevant. For BellSouth to have any liability here, at a minimum Mr. Greene must have actually obtained the information as plaintiff claims, through an employee of BellSouth.

7

54, 130 L.E.d2d 13 (1994); *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013 (11th Cir. 1987).

> We do not read *Celotex* to permit [the plaintiff] to defeat summary judgment with the type of hearsay evidence offered in this case. In *Celotex*, the Supreme Court said:
>> We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.... Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.
>
> 477 U.S. at 324, 106 S.Ct. at 2553. We read this statement as simply allowing *otherwise admissible* evidence to be submitted in *inadmissible form* at the summary judgment stage....

*McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996) (emphasis in original). "Neither *Church of Scientology* nor *Offshore Aviation* holds that inadmissible hearsay may be used to defeat summary judgment when the hearsay will not be in admissible form at trial." Id.

Plaintiff has only Mr. Greene's statement that he obtained the information in dispute from BellSouth. This statement is offered solely to prove that what Mr. Greene told plaintiff is true. This statement is hearsay and plaintiff has offered no evidence tending to show that Mr. Greene would testify otherwise at trial. While plaintiff argues that this is a factual dispute not to be decided at the summary judgment stage, this court cannot consider as evidence the possibility that Mr. Greene may appear at trial and recant his sworn statement[6].

---

[6] While plaintiff's characterizes this as a factual dispute and an issue of credibility, it is not. All this court has before it is plaintiff's statement that Mr. Greene said that he got plaintiff's

This is plaintiff's only evidence against BellSouth. Her sole statement that Mr. Greene told her this simply is not enough to defeat summary judgment.

However, even if this court ignored the hearsay problem plaintiff faces and assumes facts not in evidence, it would not change the final conclusion of this court. Even if Mr. Greene had testified at deposition that he did in fact get this information from defendant and plaintiff was able to find and serve Michael Harvey, this court would still have to enter summary judgment for the defendant BellSouth.

Plaintiff also bases her action against defendant on its liability for the acts of its agent. However, plaintiff has provided this court with no evidence that it had an agent that provided confidential information to Mr. Greene. While plaintiff states that the actual name of the employee is immaterial (plaintiff's opposition at 5), plaintiff at least has to establish that *some* agent of the defendant in some way contributed to her damages. She has failed to do so. As plaintiff states, "[i]f there is any evidence in the record tending to show directly or by reasonable inference, that the tortious conduct of the employee was committed while performing duties assigned to him, then it becomes a question for the jury to determine whether he was acting from personal motives having no relationship to the business of the employer." *Lawler Mobile Homes, Inc. v. Tarver*, 492 So.2d 297, 305 (Ala. 1986).

---

phone numbers from BellSouth. This is not evidence, nor even an inference that Mr. Greene did obtain the phone numbers from BellSouth, only that he told plaintiff he did. At his deposition, Mr. Greene was not asked whether he told plaintiff this statement, but whether this statement was true, and he said no. This is the evidence this court must consider.

9

However, in that case there was a known agent. He was identified and thus his motives could be examined. Here, the plaintiff has been unable to produce any agent who committed any tortious conduct.

Defendant has produced evidence that no one named Michael Harvey ever accessed plaintiff's account. Mr. Greene has denied knowing anybody who works for BellSouth. Plaintiff was read a list of people that accessed her account and failed to recognize any of the names in a manner that would suggest a particular individual had accessed her account and provided the information to Mr. Greene. Plaintiff has failed to produce any evidence to rebut the defendant's motion for summary judgment.

Finally, even assuming that plaintiff's statement about what Mr. Greene told her was the source of his obtaining her phone number was not hearsay and inadmissible to prove that the information came from defendant, and assuming that plaintiff could identify an agent of defendant who provided this information to Mr. Greene, plaintiff has still not met her burden of proof to establish that defendant should be liable for a third party's intentional acts. In *Ex Parte Atmore Community Hospital*, 719 So.2d 1190 (Ala. 1998), the Alabama Supreme court considered whether an employer is liable for the acts of its own employee's battery of plaintiff and invasion of privacy. The court stated that an employer could be liable if:

    (1) the employee's acts are committed in furtherance of the business of the employer:

    (2) the employee's acts are within the line and scope of his employment; or

    (3) the employer participated in, authorized, or ratified the tortious act.

*Id* at 1193; citing *Potts v. BE&K Constr. Co.*, 604 So.2d 398, 400 (Ala.1992). Here, the plaintiff does not allege that the phantom employee was achieving some goal or objective of the employer. The facts of this case are even one step further removed from liability of the employer, as here the plaintiff does not seek to hold the employer liable for acts of its own employee, but for the further removed acts of her then husband upon obtaining information from an unknown agent of the defendant.[7] Plaintiff's arguments are based on nothing but conjecture.[8]

While plaintiff relies on *Doe v. McRaes of Alabama, Inc.*, 706 So.2d 348, 349 (Ala.Civ.App.1996) for the proposition that foreseeability is a jury question, that case was reversed by the Alabama Supreme Court, which stated "[i]t is the general rule in Alabama that absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person (citations omitted). *Ex parte McRaes's of Alabama, Inc.*, 703 So.2d 351 (Ala.1997). As there, the plaintiff's evidence here "falls far short of the high standard a plaintiff must meet to hold a defendant liable for the criminal acts of a third party." *Id.*

---

[7]This court is also troubled by the causal connection between Mr. Greene allegedly obtaining her phone number from the phantom employee, and him showing up in person to commit assault and battery upon the plaintiff. This court is being asked to hold that the defendant may be liable based on a hearsay statement from a third party that he obtained information from an unidentified and unfindable employee of defendant, that defendant did not prevent such release of information and that defendant could foresee that Mr. Greene would use this information to harass his wife and to the show up in person and kidnap her.

11

The evidence before the court is "so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252. All the court has before it is the plaintiff's mere allegations that the defendant, acting through an unknown agent, released confidential information which caused the plaintiff damages by a third party. No evidence of specific facts regarding this claim have been set forth by the plaintiff. No evidence that defendant released this information is before this court.

Therefore, the Court **GRANTS** the defendant's motions for summary judgment. This case is **DISMISSED** with **PREJUDICE**.

**DONE** and **ORDERED** this the 26th day of January, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

12